IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-281-D
No. 5:16-CV-758-D

| | |
|---|---|
| AMANUEL S. BEYENE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 23, 2016, Amanuel S. Beyene ("Beyene") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 96-month sentence [D.E. 76]. On December 2, 2016, the government moved to dismiss Beyene's section 2255 motion [D.E. 81] and filed a memorandum in support [D.E. 82]. On January 30, 2017, Beyene responded in opposition [D.E. 86]. As explained below, the court grants the government's motion to dismiss and dismisses Beyene's section 2255 motion.

I.

On June 2, 2015, pursuant to a plea agreement [D.E. 51], Beyene pleaded guilty to conspiracy to commit access device fraud in violation of 18 U.S.C. §§ 1029(b)(2) and (c)(1)(A)(ii) (count one), and aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (count eight). See [D.E. 50]. On September 2, 2015, at Beyene's sentencing hearing, the court calculated Beyene's total offense level to be 19, his criminal history category to be VI, and his advisory guideline range on count one to be 63 to 78 months' imprisonment, and 24 months' consecutive imprisonment on count eight. See [D.E. 64] 1. After thoroughly considering all relevant factors under 18 U.S.C. §

3553(a), the court sentenced Beyene to 72 months' imprisonment on count one, and 24 months' imprisonment on count eight, to run consecutively. See [D.E. 62] 2. Beyene did not appeal.

On August 23, 2016, Beyene filed his section 2255 motion [D.E. 76]. In his motion, Beyene claims ineffective assistance of counsel because his sentencing counsel failed to object to a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(A) for relocation of a fraudulent scheme. See id. 4. Beyene asks to be resentenced without the enhancement under U.S.S.G. § 2B1.1(b)(10)(A). See id. 12.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table opinion). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the

2

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Beyene's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Beyene must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

3

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Beyene's ineffective-assistance claim concerning section 2B1.1(b)(10)(A), Beyene cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Beyene's claim fails because the court properly applied the enhancement under section 2B1.1(b)(10)(A), applying the enhancement under section 2B1.1(b)(10)(A) was consistent with the plea agreement, and the court properly calculated the advisory guideline range. See Presentence Investigation Report [D.E. 60] ¶¶ 11–17, 64, 74, 77; Plea Ag. [D.E. 51] ¶ 5(c). Accordingly, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

After reviewing the claim presented in Beyene's motion, the court finds that reasonable jurists would not find the court's treatment of Beyene's claim debatable or wrong, and that the claim deserves no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 81], DISMISSES Beyene's section 2255 motion [D.E. 76], and DENIES a certificate of appealability.

4

SO ORDERED. This 2 day of May 2017.

                                             JAMES C. DEVER III
                                             Chief United States District Judge